AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

**All funds on deposit in account #xxxx1157, at Citibank, in the name of Marcia Campbell, up to $15,000.**

## APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT

CASE NUMBER:

I, _____Debra L. LaPrevotte_____ being duly sworn depose and say:

I am a(n) __Special Agent with the Federal Bureau of Investigation__ and have reason to believe that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely (describe the property to be seized)

**All funds on deposit in account #xxxx1157, at Citibank, in the name of Marcia Campbell, up to $15,000.**

which are (state one or more bases for seizure under the United States Code)

funds traceable to or derived from violations of Title 18, United States Code, Section 1344 (bank fraud), and are therefore subject to seizure and forfeiture

concerning a violation of Title _18_ United States Code, Section(s) _981(a)(1)(C)_ . The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.    ☒ YES    ☐ NO

William R. Cowden
Asset Forfeiture Unit, Criminal Division
(202) 307-0258

Signature of Affiant
Debra L. LaPrevotte, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

at Washington, D.C.

_____
Date

_____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT OF SPECIAL AGENT DEBRA L. LaPREVOTTE

DEBRA L. LaPREVOTTE, being duly sworn, deposes and states as follows:

## INTRODUCTION

1. I am a Special Agent employed by the Federal Bureau of Investigation (FBI). I have been so employed for ten (10) years. Currently, I am assigned to the Asset Forfeiture/ Money Laundering Squad in the FBI's Washington, D.C., Field Division (Northern Virginia Resident Agency). My investigative assignments include investigating the asset forfeiture aspects of suspected violations of the federal anti-money laundering statutes (18 U.S.C. §§ 1956 and 1957), as well mail fraud (18 U.S.C.§ 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), and health care fraud (18 U.S.C. § 1347) violations. I have received extensive training in Advanced Money Laundering Techniques and Complex Financial Manipulation.

2. I am currently assisting Richard Espinosa with this investigation, a Detective with the Metropolitan Police Department, Washington, D.C.

3. This affidavit is in support of seizure warrants for the following item: **all funds on deposit in account #xxxx1157, at Citibank, in the name of Marcia Campbell, up to $15,000**. As set forth herein, there is probable cause to believe that such funds are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(C) because they constitute proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud).

4. This affidavit is based on my own investigation, my review of e-mails and other records, as well as information that I have learned through communications with witnesses and other law enforcement personnel.

5. Because this affidavit is being submitted for the limited purpose of setting forth

probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are sufficient to establish probable cause as to the forfeitability of funds and other things of value in the bank account identified in paragraph 3 above. I have already obtained and executed seizure warrants for several other accounts to which proceeds of the scheme described herein were traced.

## PROBABLE CAUSE

6. Prior to October 13, 2006, Marcia Campbell was employed at the Pharmaceutical Research and Manufactures of America ("PhRMA"), for the past six years. Ms. Campbell's job title was Director of Accounting. PhRMA is a D.C. based trade association/lobbing group for the pharmaceutical industry, with offices located at 950 F Street N.W., Washington, D.C.

7. On or about 10/10/06, PhRMA was contacted by one of its vendors, National Media, Inc., who inquired about a payment that it had not received. Based on this call, PhRMA conducted an audit and found that the $73,560 that should have been transferred from its bank account at the Bank of America (a "financial institution" within the meaning of 18 U.S.C. § 20) to National Media, Inc., was actually transferred into an account at Washington Mutual Bank (account #XXXXXX1252, belonging to Marcia Campbell. This wire transfer occurred on July 25, 2006. Ms. Campbell had access to the computer programs that permitted the improper diversion of the PhRMA funds that had been under the custody or control of its Bank of America branch located in the District of Columbia.

8. The audit disclosed that this was not the first such diversion of PhRMA's funds to Ms. Campbell's Washington Mutual Bank account. On December 15, 2005, an additional transfer of $150,000, was wired to the Washington Mutual Bank account (#XXXXXX1252) belonging to

Marcia Campbell. These funds were supposed to be transferred to an account belonging to LETNOM Productions, Inc., another PhRMA vendor.

9. Ms. Campbell has not sought to return these funds diverted from PhRMA vendor payments to her personal bank account. Instead, it appears that she has diverted funds from PhRMA's D.C. based Bank of America account to accounts she controlled, and then withdrawn considerable amounts of such funds to purchase assets for herself, including real property located in Jamaica. Indeed, the recent balance of the Washington Mutual account referenced above was less than $12,000. Thus, it appears that Ms. Campbell recently has moved considerable stolen funds out of this account, into other accounts that she controls, with the intent to conceal the nature, location, source, ownership or control of such proceeds, in violation of the Federal anti-money laundering prohibitions.

10. Your affiant reviewed the numerous documents that were recovered during a search of Ms. Campbell's residence. A document found on Ms. Campbell's refrigerator indicated that Ms. Campbell caused an additional $344,877.17 to be electronically transferred from the PhRMA Bank of America account directly into an account she had at Wachovia Bank. The name on this Wachovia Bank account is: "Crossing Borders Travel." Records indicate that this account is owned/controlled by Ms. Campbell. As is the case for funds diverted to Ms. Campbell's payroll account at Washington Mutual Bank, Ms. Campbell has not sought to return funds diverted directly from PhRMA's D.C. Bank of America account (also earmarked for vendor payments) to the Crossing Borders Travel account she controlled at Wachovia bank (#XXXXXXXXX1443).

**Account #xxxx1157 at Citibank**

11. PhRMA has continued to audit its relevant accounts and has discovered that on March 17, 2006, $15,000 that should have been paid to vendor International Policy Network was, instead, deposited into account #xxxx1157 at Citibank.  This account is also in Marcia Campbell's name and it should not have received the $15,000 from PhRMA's account under the custody and control of the Bank of America.  There is probable cause to believe that up to $15,000 in funds that may currently be in this account are the proceeds of Campbell's scheme to defraud PhRMA and the Bank of America.

12.  I am advised that, in pertinent part, 18 U.S.C. § 984(b) provides:

>  (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution  -
>
>> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>>
>> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

I am advised that, in essence, Section 984 allows the United States to seize for civil forfeiture identical ("fungible") property found in the same place where the "guilty" property had been kept.  See United States v. All Funds Presently on Deposit at American Express Bank, 832 F. Supp. 542, 558 (E.D.N.Y. 1993).  I am further advised that the "fungibility" rule of Section 984 cannot reach back in time for an unlimited period.  Section 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

13. Documents reflect that Ms. Campbell deposited or caused to be deposited from PhRMA's Bank of America account into account #xxxx1157, at Citibank. Thus, funds in account #xxxx1157, at Citibank, in the name of Marcia Campbell, up to $15,000, are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## CONCLUSION

14. Based on the information contained in this affidavit, there is probable cause to believe that Marcia Campbell knowingly caused at least $620,000 to be wired from the PhRMA's Bank of America bank account to accounts she controlled, including $15,000 to account #xxxx1157, at Citibank. There is probable cause to believe that such funds up to the amounts specified herein are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(C) because they constitute proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud). It is therefore respectfully requested that a seizure warrant be issued for the following item: **all funds on deposit in account #xxxx1157, at Citibank, in the name of Marcia Campbell, up to $15,000.**

                                              _____
                                              Debra LaPrevotte
                                              Special Agent
                                              Federal Bureau of Investigation

Subscribed and sworn to before me this _____ day of November, 2006.

                                              _____
                                              United States Magistrate Judge